# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted July 29, 2019
Decided August 2, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

No. 19-2428

| | |
|---|---|
| SIDNEY UPCHURCH,<br>*Applicant*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>*Respondent*. | On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review. |

**O R D E R**

In 2005 Sidney Upchurch pleaded guilty to one count of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); six counts of substantive Hobbs Act robbery, 18 U.S.C. §§ 1951(a), 2; and one count under § 924(c)(1)(A) for aiding and abetting a Hobbs Act robbery during which an accomplice brandished a firearm. The district court sentenced him to a total of 324 months' imprisonment—240 months on the Hobbs Act robbery and conspiracy charges, and a consecutive term of 84 months on the § 924(c) charge. No. 04-cr-531-1 (N.D. Ill. May 25, 2006). In 2017 Upchurch filed a motion to vacate the judgment under 28 U.S.C. § 2255, which the district court denied. No. 17-CV-6424 (N.D. Ill. Mar. 21, 2019).

Upchurch now applies for our leave to file a successive collateral attack under 28 U.S.C. §§ 2244(b) and 2255(h). He seeks to challenge his § 924(c) conviction on the

No. 19-2428 Page 2

ground that a portion of that statute, the so-called "residual clause," is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319 (2019) (confirming that the residual clause in § 924(c)(3)(B) is unconstitutionally vague). Upchurch contends that his § 924(c) conviction was predicated on the conspiracy charge, and not on the actual commission of Hobbs Act robbery. But in his plea agreement, he admitted that he committed the § 924(c) offense by aiding and abetting the brandishing of a gun during one of the substantive Hobbs Act robberies. No. 04-cr-531-1 (N.D. Ill.) (Doc. 121, Plea Agreement, at 8–9). And Hobbs Act robbery is a qualifying crime of violence under the "elements clause" of § 924(c), rather than the now-defunct residual clause. *See United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017).

Accordingly, we DENY authorization and DISMISS Upchurch's application.