United States District Court
For The Northern District Of Illinois
Eastern Division

FILED

NOV 1 0 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Sidney Upchurch
Petitioner,

VS.                                Crim. No. 04 CR 531

United States Of America
Respondent,

"Emergency"
Motion For Compassionate Release
Sentence Reduction Pursuant To
18 U.S.C. §3582(c)(1)(A)(i)

Comes Now, the Petitioner Sidney Upchurch,
pro se as his own attorney on behalf of himself
and respectfully moves this Honorable Court pursuant
to the newly amended 18 U.S.C. 3582(c)(1)(A)(i),
Compassionate Release/Sentence Reduction of

the First Step Act of 2018. Section 603 of the First Step Act changed the process by which 3582(c)(1)(A) Compassionate Release occurs. As required by the Statue his circumstances satisfy the "extraordinary and compelling reason" standard under 3582(c)(1)(A)(i). Petitioner Upchurch respectfully request that, after considering the applicable factors in 18 U.S.C. 3553(a), this Honorable Court consider reducing his sentence.

## Factual Background

On January 6, 2005, Petitioner (along with 8 co-defendants) were charged in a indictment with (i) one count of Hobbs Act conspiracy, in violation of Title 18, United States Code, Section 1951(a); (ii) thirteen counts of Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a); twelve counts of using or brandishing a firearm during the commission of a crime of violence, in violation of Title 18, United State Code, Section 924(c). Petitioner entered a plea, to several of the above mention counts. This Court sentenced Petitioner to serve 324 months in the custody of the Federal Bureau Of Prison.

(2.)

On April 30, 2020 as a result and the passage of the First Step Act of 2018, Petitioner Upchurch submitted a request for Compassionate release to the Warden of FCI Allenwood-Medium based on extraordinary and compelling reason amid the coronavirus pandemic and due to Petitioner's medical condition.

On May 13, 2020 the Warden of FCI Allenwood-Medium denied Petitioner motion for Compassionate Release. (see exhibit-A)

Medical File:

The Petitioner medical records as well as CDC guidance will reveal that Petitioner is a high and at-risk inmate to Covid-19 as he currently takes medication and suffer from (1.) Hypertension-High Blood Pressure, (2.) Chronic Kidney disease, (3.) Prediabetes, (4) Unspecified vitamin D deficiency, all of which put Petitioner at severe risk of illness if he were to contract Covid-19. (see exhibit-B)

(3.)

## Reentry Plan:

The many attached letters from Petitioners family represent that upon Petitioner Upchurch release his immediate family is prepared to provide All the mandatory necessities for Petitioner reentry back into society.

Mrs. Janice Mims the Mother of Petitioner have willfully agreed to provide Petitioner with a home at her Chicago, Illinois residence. Mrs. Mims is the owner of a Medical Transport Service also two of Chicago Day Care Centers and states that she will be able to attend to Petitioner financial, health care and employment concerns. Mrs Mims whose residence is.... 1304 West 77st, First Floor, Chicago, IL. Mrs Mims can also be contacted at area code 773-619-9914. (See Also: exhibit-E)

(4.)

# Applicable Legal Principles

## Compassionate Release:

President Trump signed the First Step Act into law on December 21, 2018. Among the changes in the law, Congress amended the provision on compassionate release, 18 U.S.C. 3582(c)(1)(A)(i). The law provides the sentencing Judge with jurisdiction to consider a defense motion for reduction of sentence based on extraordinary and compelling reason whenever "the defendant has fully exhausted all administrative rights to appeal any failure of the BOP to bring a motion on the defendants behalf" or after the lapse of 30 days from the receipt of such a request by the Warden of the Defendant facility, whichever is earlier. 18 U.S.C. 3582(c)(1)(A). The Petitioner motion to this Court for compassionate release is being submitted this _29_ day of October 2020, more than 30 days after the Warden received Defendant's request. As such, Petitioner Upchurch

(5.)

has satisfied the exhaustion requirement and this Court may now hear Petitioner's motion for Compassionate Release. 18 U.S.C. 3582(c)(1)(A). (See exhibit-A).

On Friday April 3, 2020, Attorney General William Barr issued a memorandum finding that emergency condition due to the Covid-19 pandemic are materially affecting the functioning of the Bureau Of Prison.

The memo acknowledge the "Bureau is experiencing significant levels of infection at several BOP facilities. While the Petitioner crime was serious, it does not warrant a potential sentence of death. Covid-19 is out of control throughout the BOP placing all of its inmates and staff at great risk.

Covid-19 Is An Extraordinary And Compelling Reason For An Immediate Sentence Reduction
To Time Served

The Compassionate Release statute does not expressly define or limit what con—

stitute an "extraordinary and compelling reason" for a sentence reduction. Black's law dictionary, however, define "extraordinary" as beyond what is usual, customary, regular, or common, Black's Law Dictionary (11th. ed 2019). Its definition of "compelling need", is one so great that irreparable harm or injustice would result if the relief is not granted. The present global pandemic is a quintessential extraordinary circumstance beyond what most Americans have experienced in their life time and provides a compelling reason for Petitioner immediate release.

Courts now have the authority, and has concluded that, after the passage of the First Step Act, compassionate release is not limited by the Commission's or the BOP's understanding of "extraordinary and compelling reason" and that Courts can thus determine those reason. (See United States v. Cantu, 2019 WL 2498923 (S.D. Tex. June 17, 2000); See also, United States vs. Fox, 2019 WL 3046068, (D. ME. July 12, 2019), In short, Federal Judges are no longer constrained by the BOP Directors determinations of what constitute extraordinary and compelling reason for a sentence reduction.

(7.)

## Mr Upchurch's High-Risk Health Condition Presents Exceptional And Compelling Circumstances That Renders Him Particularly Susceptible To Severe Illness And Death From Covid-19

The CDC has issued guidance that individuals who are at higher risk of contracting Covid-19 take immediate preventative actions, including avoiding crowded area and staying home as much as possible. According to public health experts, incarcerated individuals "are at special risk of infection, giving their living situation," and "may Also be less able to participate in proactive measures to keep themselves safe," "infection control is challenging in these settings."

Like several of the BOP inmate who have died from Covid-19. Mr Upchurch presents a number of health issues that place him at a greater risk for severe illness from Covid-19 per the CDC guidelines.[1] These high-risk health issues include but not limited to hypertension, Prediabets, Chronic Kidney Disease. (See exhibit- B ) as well as vitamin D deficiency.

F1. CDC, Facts About Hypertension in the United States https://www.cdc.gov./blood Pressure/Facts.htm

(8)

## Hypertension And Chronic Kidney Disease As Risk Factor

What the scientific community knows with relative certainty is that hypertension and Chronic Kidney disease are both one of the most common "Comorbidities" in people who experience severe cases of Covid-19, a fact that was apparent since the early days of the pandemic; indeed, much research identifies particulary hypertension as the most common comorbidity. (See; Hospitalization Rates and Characteristics of Patients- Hospitalized with Laboratory-Confirmed Coronavirus Disease 2019.(finding that hypertension is the most common morbidity among hospitalized Covid-19 patients in the United States, with roughly 50% of all adults hospitalized in the United States suffering from hypertension; Interim Clinical Guidance for Management of Patient with Confirmed Coronavirus Disease (Patient in China with no reported underlying medical condition had an overall case fatality of 0.9%, but case fatality was higher for patients with comorbidites: 10.5% for those with cardiovascular disease, 7.3% for diabetes, and approximately

(9.)

6% each for chronic hypertension, cancer, chronic kidney disease, chronic respiratory disease, all which have been closely associated with increased illness severity and adverse outcome.

The American Medical Association, April 22, 2020 (finding that among patients hospitalized in New York City, "the most common comorbites were hypertension (3026; 56.6%), obesity (1737; 41%), diabetes (1808; 33.8%), and chronic kidney disease (980; 19%); Covid-19 Tracker Fatalities, New York Department of Health (data from the New York State government indicating that hypertension is the most common comorbidity overall among people who have died from Covid-19); Covid-19, Louisiana Department of Health (data from the Louisiana government indicating that hypertension is the most common comorbidity among people over 40 who have died from Covid-19. For many Courts this strong correlation has been sufficient to find that Covid-19 poses a heightened risk to hypertensive and chronic kidney disease inmates, for purpose of compassionate release,

(10.)

Petitioner Upchurch on a daily basis continue to experience difficulty and complication with his hypertension. On MAy 5, 2020 Petitioner Upchurch blood pressure was 173/107, (see exhibit-D). Again on May 26, 2020 Petitioner blood pressure wAs 150/80. These reading indicate that Petitioner Upchurch is exhibiting signs of stage 2 hypertension, (the most severe form of hypertension)-with a systolic pressure of 140 mm Hg or higher. This Court should consider Petitioner Upchurch hypertension, which is increasing in severity while he is incarcerated, as an extraordinary and compelling circumstance justifying the need for his release in light of Covid-19. (See U.S. v. Barber, WL 2404679, (D. or. May 12, 2020)(It is well documented that hypertension issues are associated with increased risk of Covid-19 infection, and worse outcome in long injury and mortality. See Also; U.S. v. Connell, WL 2315858, (N.D. CAl MAy 8, 2020)(granting the release of an inmate with hypertension and pre-diabetes; Also U.S. v. Cole, WL 1976296 (C.D. Ill-Apr. 20, 2020).


Additional Health/Chronic Conditions:

Petitioner Upchurch suffers from additional Chronic health condition that render him particularly susceptible to increased severity of high-risk

(11.)

Conditions and increased risk of severe illness or death related to Covid-19. These additional chronic conditions include prediabetes and Unspecified vitam D deficiency.

Pre-diabetes is a mere stepping stone to diabetes. Most individuals, once diagnosed with pre-diabetes, are put on a specific diet and exercise plan. When combined with hypertension, pre-diabetes can lead to coronary artery disease.[2] This in addition to Petitioner Already increased risk of suffering from hypertension and vitamin D deficiency coupled with approximately a nine month lockdown makes it extremely difficulty to maintain a proper diet and exercise program while incarcerated. A recent study suggests that the increased mortality in Covid-19 patients who are either old or who also have hypertension, diabetes, or cardiovascular disease. As such, this Honorable Court should consider the additional increased risk as an extraordinary and compelling circumstances justifying the need for his release in light of Covid-19.

Conditions At FCI Allenwood-Medium:

The Covid-19 pandemic is "clearly out of the ordinary, uncommon, or rare" as Covid-19

Ft 2. Diabetes in Control, Prediabetes Plus Hypertension Equal Coronary Artery Disease (May 19, 2018) http://www.diabetesincontrol.com/prediabetes-plus-hypertension-equals-coronary-artery disease.

(12.)

is twice as contagious as the flu, and 20 times more deadly. The virus is "highly infectious," and can spread easily and sustainably from person to person. The virus can live on plastic and steel surfaces for up to 72 hours, and powered by a single cough or sneeze, can be propelled in a gas cloud that extends up to 27 feet in length. (see Lydia Bourouiba, Turbulent Gas Clouds and Respiratory Pathogen Emission:) Potential Implication for Reducing Transmission of Covid-19, JAMA (2020) http://jamanetwork.com (access Apr. 2, 2020)

The conditions at FCI Allenwood-Medium do not allow for inmates, regardless of being at increased risk of contracting Covid-19, to take recommended preventive health and safety actions and, therewith, create an optimal environment for the transmission of contagious disease. BOP institutional environment foster an even greater likelihood of the spread of Covid-19 as infection can spread and transmit between prisoners, staff, staff cross-deployment, and movement of staff. This is not taking into account the condition of the in-stitution itself.

(13.)

FCI Allenwood-Medium has inadequate procedure to properly sanitize areas and has insufficient practices on social distancing or preventing the spread of germs. As of October   , 2020, FCI Allenwood-Medium, has over 100 reported positive cases of Covid-19 among the inmate population, with 11 reported positive cases of Covid-19 among staff. However, given testing deficiencies, it can not be said there are no additional infected inmates. Several BOP facilities have been rapidly overrun with infections due to BOP's inability to adequately implement necessary health and safety interventions.

In just four months, the number of positive Covid-19 cases amongst BOP inmates and staff have more than quadrupled. CDC Director Robert Redfield, M.D. states that "this fall could be one of the worst from a public health standpoint that the U.S. has ever experienced," and the CDC guideline set forth to prevent the spread of Covid-19, such as wearing masks, remaining 6 feet apart, washing your hands often are necessary to combat the virus.[3] These necessary steps are near impossible within the BOP

10-29-20

Ft 3. http://www.webmd.com/long/news/202008/redfield-this-fall-could-be-the-worse-weve-seen

(14.)

institution. With cold and flu season approaching, it may prove even more difficult for prisons to maintain hygiene and safety standard. See, United States v. Kelly, (S.D. Miss. May 1, 2020) (granting compassionate release to an individual in his late twenties without health issues where BOP failed to control the outbreak of Covid-19 at his facility); United States vs. Chestnut, Case No. 09-cr-00071, (W.D.N.Y. Apr. 29, 2020) (granting compassionate release request despite the fact that Mr. Chestnut was not vulnerable based on a compromised immune system or pre-existing medical condition. (See U.S. v. Kelly, WL 2102241).

The Covid-19 outbreak represents an additional and immediate health and safety concern facing the Bureau of Prison as a whole, and FCI Allenwood-Medium's instant response further places Petitioner Upchurch at high-risk for infection, intensive treatment if he contracts Covid-19, and possibly death. Accordingly, this Honorable Court should grant Petitioner Upchurch request for sentence reduction.

(15.)

## Petitioner Upchurch 3553(a) Factors Demonstrate He Is Not A Risk To The Public

To determine if a sentence reduction is proper, the Court considers the 3553(a) factors. See 18 U.S.C. 3582(c)(1)(A); U.S.S.G. 1B1.13. The 3553(a) factors as applied to Petitioner Upchurch situation support a reduction of his custodial term to time serve. Some of the relevant factors considered in imposing a sentence are the history characteristics of the defendant and the need for the sentence imposed. Petitioner request this Honorable Court to consider his re-habilitative efforts since his incarceration as well as the attached letters of staff and family of support, and the details of Petitioner release plan.

## Rehabilitative Efforts:

First, in consideration of Petitioner Rehabilitation efforts and request for sentence reduction Petitioner has already detailed the circumstances surrounding the pandemic and his personal health issues as reason for his immediate release. He (Petitioner) ask this Honorable Court to consider

(16.)

that he has completed Approximately 70% of his instant federal sentence.

In further support of his rehabilitative effort, the Supreme Court has held a defendant's rehabilitative efforts upon a re-sentencing are a proper consideration under 18 U.S.C. 3553(a) See; Pepper v. United States, 562 U.S. 476 (2011). Since his incarceration, Petitioner Upchurch has engaged in significant rehabilitative efforts. As detailed by his Progress Report, (exhibit-   ) he have completed and received over 22 certificates of programing including but not limited to (1.) Reach one Counselor, (2.) Freight Brokering, (3.) Penndot Flagger Cert, (4.) Drug Education, (5) Diversity Awareness and scores of other programs to assist with Petitioner transiting back into society, (see Progress Report - exhi - C ).

Additionally, Petitioner has maintained employment/detail assignment throughout his entire incarceration. Petitioner has held detail assignment at FCI Raybrook-commissary, FCI Elkton - Caption office + AW complex, FCI Fort Dix - commissary and FCI Allenwood- Medium - Head Orderly. All of the above mention detail assigment requires experience, competent and trust worthy inmates to be accountable for a successful assignment. (See also Counselor/Staff memo - exhibit-F )

(17.)

This Court can also consider that Petitioner has wonderful family support and a definitive and stable release plan including employment. See United States v. Pabon, WL 2112265 (E.D. Penn. May 4, 2020) (ruling that " Mr. Pabon will not be a danger to the community during this pandemic because he has a home to return to where he can self-quarantine, and an adequate reentry plan.

In support of Petitioner's release plan, his family shares that he is a giving and good hearted person who understand and has taken responsibility for all of his action, as detailed by family support letters (exhibit-E). Specifically, Mrs. Janice Mims the mother of Petitioner have willfully agreed to provide Petitioner with a home at her Chicago Illinoise residence. Additionally, Mrs. Mim is the owner of Windy City Transportation and have assured Petitioner employment with Windy City Transportation. Mr. Upchurch has also been assured employment upon his release with Sodex, an Enviromental Service managed by his Aunt Mrs. R. McClendon. (See attached exhibit-E) in which he will be working at night hours. Petitioner Upchurch respectfully ask this Court to consider these letters in evaluating this motion.

(18.)

Here, the overriding factors under 3553(a) that was not present at the time of sentencing is the Covid-19 pandemic and the serious risk it presents. Although the circumstances of the present qualified Petitioner Upchurch for the serious sentence that this Honorable Court originally imposed, the sentencing purpose of just punishment does not warrant a sentence that include exposure to a life-threatening illness or death. In fact, the Eight Amendment's prohibition on cruel and unusal punishment includes unreasonable exposure to dangerous conditions in custody (Helling V. Mckinney, 509 U.S. 25 (1993), See; also Wallis v. Baldwin, 170 F. 3d 1074 (9th Cir. 1995)(applying Helling to exposure to asbestos); Brow V. Mitchel 327 F. Supp. 2d 615 (E.D. Va July 28, 2004)(applying Helling to contagious disease caused by over-crowing conditions.)

The totality of the circumstances demonstrate that reducing Petitioner sentence to time served is sufficient, but not greater than necessary, "to serve the purpose of sentencing under 3553(a). Petitioner has submitted a viable

19.

release plan to ensure his safe transition back to the community.

Wherefore, Petitioner Upchurch respectfully ask this Honorable Court based on the Above mention extraordinary and compelling reason to grant his motion for compassionate release as permitted by 18 U.S.C. 3582(c)(1)(A). Additionally, Petitioner Upchurch respectfully request this Honorable Court to appoint counsel to aid his request to have this Honorable Court grant him Compassionate Release.

Respectfully Submitted

Date: 10-29-20

Sidney Upchurch
Reg. No. 17103-424
FCI Allenwood-Medium
P.O. Box 2000
White Deer, PA 17887

(20.)

## Certificate Of Service

I hereby certify that on the 28 day of October 2020, a copy of the foregoing Motion For Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) and corresponding exhibits were sent first-class postage prepaid to the following:

Clerk Of Court
United States District Court
219 South Dearborn Street
Chicago, Illinois 60604

Sidney Upchurch
Reg. No. 17103-424
FCI Allenwood-Medium
P.D. Box 2000
White Deer, PA 17887

( 21. )

# EXHIBITS
## A — F

UPCHURCH, Sidney
Register No.: 17103-424
Unit: 4A
Page 1

*Exhibit – A*

## Inmate Request to Staff Response

This is in response to your Request to Staff received on April 30, 2020, wherein you request a Compassionate Release/Reduction in Sentence (RIS) and/or Home Confinement placement based upon medical circumstances. Specifically, you claim to be a high risk for contracting COVID-19.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

Your request for Compassionate Release/RIS has been reviewed. Our records indicate you are 54 years old. Although you have medical concerns, you are not disabled or unable to perform activities of daily living. Your condition does not diminish your ability to function in a correctional environment. The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.

In regards to your request for Home Confinement, Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") grants discretion to the BOP to place inmates on home confinement for a longer term under 18 U.S.C. § 3624(c)(2). The BOP's discretion is guided by criteria listed in memoranda from the Attorney General.

A comprehensive review of your circumstances reveal you have a current offense history of violence. Therefore, you are not an appropriate candidate for Home Confinement placement.

Accordingly, your request for a Compassionate Release/RIS and Home Confinement placement is denied. If you are not satisfied with this response to your request, you may appeal this decision through the Administrative Remedy Process.

5/13/2020
Date

Catricia L. Howard
Warden

**Bureau of Prisons**
**Health Services**
**Clinical Encounter**

*Exhibit-B*

| | | | |
|---|---|---|---|
| Inmate Name: UPCHURCH, SIDNEY | | Reg #: | 17103-424 |
| Date of Birth: 08/03/1965 | Sex: M Race: BLACK | Facility: | ALM |
| Encounter Date: 05/13/2019 09:29 | Provider: Powanda, Micki PA-C | Unit: | D03 |

Mid Level Provider - Follow up Visit encounter performed at Health Services.

**SUBJECTIVE:**

**COMPLAINT 1**        **Provider:** Powanda, Micki PA-C

**Chief Complaint:** HYPERTENSION

**Subjective:** I/M presents for a bp check, indicates he is taking his medication as prescribed. denies any issues at this time.

Patient allergies reviewed and needed updates applied during this visit. See Chart:Allergies for most recent patient allergy list.

**Pain:** No

**OBJECTIVE:**

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 05/13/2019 | 09:31 ALX | 54 | | | Powanda, Micki PA-C |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 05/13/2019 | 09:31 ALX | 156/98 | | | | Powanda, Micki PA-C |

**Exam:**

**General**

**Appearance**

Yes: Appears Well

**Comments**

FALL RISK ASSESSMENT: The patient was questioned at today's encounter and denies any mobility problems and has no history of falls less than 3 months, no secondary diagnosis to suggest a fall risk, does not use an Ambulatory Aid, has normal gait/transferring, and is oriented.

**ASSESSMENT:**

Hypertension, Benign Essential, 401.1 - Current

**PLAN:**

**New Medication Orders:**

| Rx# | Medication | Order Date | Prescriber Order |
|---|---|---|---|
| | amLODIPine Tablet | 05/13/2019 09:29 | 5 mg Orally - daily x 180 day(s) |
| | **Indication:** Hypertension, Benign Essential | | |

**Schedule:**

| Activity | Date Scheduled | Scheduled Provider |
|---|---|---|
| Follow-up | 06/03/2019 00:00 | MLP 08 |
| bp check | | |

**Other:**

will add amlodipine and bp check in 3 weeks.

# Bureau of Prisons
## Health Services
## Clinical Encounter

| | | |
|---|---|---|
| Inmate Name: UPCHURCH, SIDNEY | | Reg #: 17103-424 |
| Date of Birth: 08/03/1965 | Sex: M  Race: BLACK | Facility: ALM |
| Encounter Date: 12/16/2019 10:50 | Provider: Powanda, Micki PA-C | Unit: D03 |

Chronic Care - Advanced Practice Provider Follow Up encounter performed at Health Services.

**SUBJECTIVE:**

**COMPLAINT 1**          **Provider:** Powanda, Micki PA-C

**Chief Complaint:** HYPERTENSION

**Subjective:** I/M presents for his routine CCC visit:
1. HTN--currently on amlodipine, atenolol, HCTZ, and Lisinopril--reports he is not taking these regularly lately due to stressors at home and with his case. I/M indicates he will start to take these meds as prescribed.
2. Hyperlipidemia--currently on atorvastatin, lipid profile from 11/25/19 WNL
3. Vit D deficiency--last Vit D 16.4 from 11/25/19
4. Prediabetes--indicates he really isn't watching his diet closely, denies any other issues at this time.

Patient allergies reviewed and needed updates applied during this visit. See Chart:Allergies for most recent patient allergy list.

EKG 9/3/15
chest xray 8/31/15
lipid profile 11/25/19 WNL
A1C 5.8 from 11/25/19
creatinine 1.76 from 11/25/19
retinopathy 8/20/19

**Pain:** No

**Seen for clinic(s):** Endocrine/Lipid, General, Hypertension, Infectious Disease

**OBJECTIVE:**
**Temperature:**

| Date | Time | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|
| 12/16/2019 | 10:50 ALX | 97.9 | 36.6 | | Powanda, Micki PA-C |

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 12/16/2019 | 10:50 ALX | 59 | | | Powanda, Micki PA-C |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 12/16/2019 | 10:50 ALX | 160/99 | | | | Powanda, Micki PA-C |

**Weight:**

| Date | Time | Lbs | Kg | Waist Circum. | Provider |
|---|---|---|---|---|---|
| 12/16/2019 | 10:50 ALX | 206.0 | 93.4 | | Powanda, Micki PA-C |

**Exam:**
**General**
**Appearance**
Yes: Appears Well
**Pulmonary**

| Inmate Name: | UPCHURCH, SIDNEY | | | Reg #: | 17103-424 |
|---|---|---|---|---|---|
| Date of Birth: | 08/03/1965 | Sex: | M   Race:  BLACK | Facility: | ALM |
| Encounter Date: | 12/16/2019 10:50 | Provider: | Powanda, Micki PA-C | Unit: | D03 |

Hypertension, Benign Essential, 401.1 - Current

Unspecified vitamin D deficiency, 268.9 - Current

Chronic kidney disease, unspecified, N189 - Current

Prediabetes, R7303 - Current

**PLAN:**

**New Medication Orders:**

| Rx# | Medication | Order Date | Prescriber Order |
|---|---|---|---|
| | Vitamin D ( Cholecalciferol ) Tab/Cap | 12/16/2019 10:50 | 50000 units  Orally  Weekly x 56 day(s) |

 **Indication:** Unspecified vitamin D deficiency

**New Laboratory Requests:**

| Details | Frequency | Due Date | Priority |
|---|---|---|---|
| Lab Tests-V-Vitamin D, 25-Hydroxy | One Time | 02/10/2020 00:00 | Routine |
| **Labs requested to be reviewed by:** | Cullen, Thomas D.O. | | |

**Schedule:**

| Activity | Date Scheduled | Scheduled Provider |
|---|---|---|
| Follow-up | 02/19/2020 00:00 | MLP 08 |
| vit d level | | |

**Copay Required:** No        **Cosign Required:** Yes

**Telephone/Verbal Order:** No

Completed by Powanda, Micki PA-C on 12/16/2019 14:08

Requested to be cosigned by  Cullen, Thomas D.O..

Cosign documentation will be displayed on the following page.

## Bureau of Prisons
## Health Services
## Clinical Encounter

| | | |
|---|---|---|
| Inmate Name: UPCHURCH, SIDNEY | | Reg #: 17103-424 |
| Date of Birth: 08/03/1965 | Sex: M    Race: BLACK | Facility: ALM |
| Encounter Date: 07/16/2019 09:15 | Provider: Powanda, Micki PA-C | Unit: D03 |

Mid Level Provider - Follow up Visit encounter performed at Health Services.

**SUBJECTIVE:**

**COMPLAINT 1**       **Provider:** Powanda, Micki PA-C

**Chief Complaint:** HYPERTENSION

**Subjective:** I/M presents for a bp check, reports that he has been missing his meds every now and then. denies any issues, reports that he is due to release in the near future.

Patient allergies reviewed and needed updates applied during this visit. See Chart:Allergies for most recent patient allergy list.

**Pain:** No

**OBJECTIVE:**

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 07/16/2019 | 09:17 ALX | 52 | | | Powanda, Micki PA-C |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 07/16/2019 | 09:17 ALX | 172/109 | | | | Powanda, Micki PA-C |

**Exam:**

**General**

**Appearance**

Yes: Appears Well

**Comments**

FALL RISK ASSESSMENT: The patient was questioned at today's encounter and denies any mobility problems and has no history of falls less than 3 months, no secondary diagnosis to suggest a fall risk, does not use an Ambulatory Aid, has normal gait/transferring, and is oriented.

**ASSESSMENT:**

Hypertension, Benign Essential, 401.1 - Current

**PLAN:**

**New Medication Orders:**

| Rx# | Medication | Order Date | Prescriber Order |
|---|---|---|---|
| | amLODIPine Tablet | 07/16/2019 09:15 | 10 mg Orally  -  daily x 180 day(s) |

**Indication:** Hypertension, Benign Essential

**Discontinued Medication Orders:**

| Rx# | Medication | Order Date | Prescriber Order |
|---|---|---|---|
| 565464-ALX | amLODIPine  5 MG TAB | 07/16/2019 09:15 | Take one tablet (5 MG) by mouth daily |

**Discontinue Type:** *When Pharmacy Processes*

**Discontinue Reason:** *Order changed*



## Summary Reentry Plan - Progress Report
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: UPCHURCH, SIDNEY  17103-424

**SEQUENCE: 00206597**
**Report Date: 10-16-2020**



| | | | |
|---|---|---|---|
| Facility: | ALM  ALLENWOOD MED FCI | Custody Level: | IN |
| Name: | UPCHURCH, SIDNEY | Security Level: | MEDIUM |
| Register No.: | **17103-424** | Proj. Rel Date: | 03-03-2027 |
| Quarters: | D03-213L | Release Method: | GCT REL |
| Age: | 55 | DNA Status: | RBK02419 / 01-07-2011 |
| Date of Birth: | 08-03-1965 | | |

### Offenses and Sentences Imposed

| Charge | Terms In Effect |
|---|---|
| 18:1951(A)-CONSPIRING TO INTERFERE W/COMMERCE BY THREATS OR VIOLENCE CTS. 1,2,8,12,18,22,24. | 240 MONTHS |
| 18:924(C)(1)(A)-USING, CARRYING & BRANDISHING A F/A DURING & IN RELATION TO A VIOLENT CRIME. CT3 | 84 MONTHS |

Date Sentence Computation Began:  05-25-2006
Sentencing District:  ILLINOIS, NORTHERN DISTRICT

| Days FSGT / WSGT / DGCT | Days GCT or EGT / SGT | Time Served | + Jail Credit  JC  InOp Time |
|---|---|---|---|
| 0 /    0 /    100 | 764 | Years: 16  Months: 10  Days: | + 916  JC - 0  InOp |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| NO DETAINER | |

### Program Plans

| ** No notes entered ** |
|---|

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| ALM | UNT 4A ORD | UNIT 4 A ORDERLY | 05-09-2018 |

### Work Assignment Summary

| ** No notes entered ** |
|---|

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| ALM | ESL HAS | ENGLISH PROFICIENT | 04-16-2008 |
| ALM | GED HAS | COMPLETED GED OR HS DIPLOMA | 04-22-2008 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| ALM | C | RHU ACE MIND STRENGTH | 09-14-2020 | 09-16-2020 |
| ALM | C | RHU EARLY NORTH AMERICA | 09-14-2020 | 09-16-2020 |
| ALM | C | RHU PASS THE US CITZNSHP TEST? | 09-14-2020 | 09-16-2020 |
| ALM | C | RHU ANIMAL ANATOMY 14:URINARY | 08-26-2020 | 08-28-2020 |
| ALM | C | RHU ANIMAL ANATOMY 13:DISGESTN | 08-25-2020 | 08-27-2020 |
| ALM | C | RHU ANIMAL ANATOMY 12:LYMPHATC | 08-14-2020 | 08-17-2020 |
| ALM | C | RHU ANIMAL ANATOMY 11:RESPIRAT | 08-14-2020 | 08-17-2020 |
| ALM | C | RHU ANIMAL ANATOMY 10:CIRCULAT | 08-03-2020 | 08-05-2020 |
| ALM | C | RHU ANIMAL ANATOMY 9: HEART | 08-03-2020 | 08-05-2020 |
| ALM | C | RHU ANIMAL ANATOMY 8:BLOOD | 07-24-2020 | 07-27-2020 |
| ALM | C | RHU ANIMAL ANATOMY 7:MUSCLE | 07-24-2020 | 07-27-2020 |
| ALM | C | REACH ONE COUNSELOR | 10-17-2017 | 01-30-2018 |
| ALM | C | ACE FREIGHT BROKERING | 06-26-2017 | 09-08-2017 |
| ALM | C | RP2-5HR PENNDOT FLAGGER CERT | 08-14-2017 | 08-14-2017 |

*Exhibit A-C*

## Summary Reentry Plan - Progress Report

**Dept. of Justice / Federal Bureau of Prisons**

Plan is for inmate: UPCHURCH, SIDNEY  17103-424

SEQUENCE: 00206597
Report Date: 10-16-2020

| SubFacl | Action | Description | Start | Stop |
|---------|--------|-------------|-------|------|
| ALM | C | TYPING ACE | 05-26-2017 | 05-31-2017 |
| FTD GP | C | COPING WITH INCARCERATION | 09-28-2015 | 11-09-2015 |
| FTD GP | C | COPING WITH INCARCERATION | 11-09-2015 | 11-09-2015 |
| ELK | C | DIVERSITY AWARENESS-RPP<PG> | 11-30-2011 | 11-30-2011 |
| ELK | C | AIDS AWARENESS-RPP<HN> | 11-30-2011 | 11-30-2011 |
| LEE | C | RP2-SUCCEEDING IN WORKPLACE | 04-21-2008 | 05-29-2008 |
| LEE | C | RP2-TACTICS FOR CAR.PLACEM'T | 05-12-2008 | 05-29-2008 |

### Education Information Summary

| ** No notes entered ** |
|---|

### Discipline Reports

| Hearing Date | Prohibited Acts |
|--------------|-----------------|
| 07-27-2016 | 108 : POSSESSING A HAZARDOUS TOOL |
| 10-03-2005 | 305 : POSSESSING UNAUTHORIZED ITEM |

### Discipline Summary

| ** No notes entered ** |
|---|

### ARS Assignments

| Facl | Assignment | Reason | Start | Stop |
|------|------------|--------|-------|------|
| ALM | A-DES | OTHER AUTH ABSENCE RETURN | 05-09-2018 | CURRENT |
| ALM | A-DES | OTHER AUTH ABSENCE RETURN | 02-28-2017 | 05-09-2018 |
| ALM | A-DES | OTHER AUTH ABSENCE RETURN | 01-19-2017 | 02-28-2017 |
| ALM | A-DES | TRANSFER RECEIVED | 09-08-2016 | 01-19-2017 |
| FTD GP | A-DES | TRANSFER RECEIVED | 08-25-2015 | 08-30-2016 |
| ELK | A-DES | TRANSFER RECEIVED | 11-07-2011 | 08-18-2015 |
| RBK | A-DES | TRANSFER RECEIVED | 10-09-2008 | 10-28-2011 |
| LEE | A-DES | US DISTRICT COURT COMMITMENT | 03-26-2008 | 08-07-2008 |

### Current Care Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| CARE1-MH | CARE1-MENTAL HEALTH | 06-15-2010 |
| CARE2 | STABLE, CHRONIC CARE | 11-16-2011 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| PAPER | LEGACY PAPER MEDICAL RECORD | 10-29-2018 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 09-12-2016 |
| YES F/S | CLEARED FOR FOOD SERVICE | 09-16-2015 |

### Current PTP Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| NO ASSIGNMENTS | | |

### Current Drug Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| ED COMP | DRUG EDUCATION COMPLETE | 03-22-2010 |

### Physical and Mental Health Summary

| ** No notes entered ** |
|---|

### FRP Details

| Most Recent Payment Plan |
|---|

*Exhibit*



## Summary Reentry Plan - Progress Report

**SEQUENCE: 00206597**
**Report Date: 10-16-2020**

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: UPCHURCH, SIDNEY   17103-424

| Most Recent Payment Plan |
|---|

**FRP Assignment:** **PART**  **FINANC RESP-PARTICIPATES**  **Start: 06-03-2015**

Inmate Decision: **AGREED**  **$25.00**  Frequency: **QUARTERLY**
Payments past 6 months: **$50.00**  Obligation Balance: **$430,427.33**

### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status | |
|---|---|---|---|---|---|---|
| 1 | ASSMT | $800.00 | $488.75 | IMMEDIATE | EXPIRED | |
| | | ** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | | |
| 2 | REST FV | $432,704.00 | $430,427.33 | IMMEDIATE | AGREED | |

| | Adjustments: | Date Added | Facl | Adjust Type | Reason | Amount |
|---|---|---|---|---|---|---|
| | | 09-09-2020 | ALM | PAYMENT | INSIDE PMT | $25.00 |
| | | 06-09-2020 | ALM | PAYMENT | INSIDE PMT | $25.00 |

### Financial Responsibility Summary

| ** No notes entered ** |
|---|

### Release Planning

| ** No notes entered ** |
|---|

### General Comments

| ** No notes entered ** |
|---|



## Summary Reentry Plan - Progress Report

**Dept. of Justice / Federal Bureau of Prisons**

Plan is for inmate: UPCHURCH, SIDNEY  17103-424

SEQUENCE: 00206597

Report Date: 10-16-2020

Name: UPCHURCH, SIDNEY
Register Num: **17103-424**
Age: 55
Date of Birth: 08-03-1965
DNA Status: RBK02419 / 01-07-2011

_____

Inmate   (UPCHURCH, SIDNEY, Register Num: 17103-424)

_____

Date

_____                      _____

Chairperson                                          Case Manager

_____                      _____

Date                                                 Date

**Bureau of Prisons**

**Health Services**

**Blood Pressure**

*Exhibit – D*

| Begin Date: | 01/06/2020 | End Date: | 08/10/2020 |
|---|---|---|---|
| Reg #: | 17103-424 | Inmate Name: | UPCHURCH, SIDNEY |

| Date | Time | Value | Location | Position | Cuff Size | Comments |
|---|---|---|---|---|---|---|
| 05/26/2020 | 13:17 ALX | 150/80 | | | | |
| **Orig Entered:** 05/26/2020 13:18 EST | | | Snyder, Nicole RN | | | |
| 05/20/2020 | 08:43 ALX | 173/107 | | | | |
| **Orig Entered:** 05/20/2020 08:47 EST | | | Kahley, Charles LPN | | | |
| 02/19/2020 | 08:14 ALX | 131/78 | | | | |
| **Orig Entered:** 02/19/2020 08:19 EST | | | Powanda, Micki PA-C | | | |
| 01/06/2020 | 10:30 ALX | 114/73 | | | | |
| **Orig Entered:** 01/06/2020 10:31 EST | | | Powanda, Micki PA-C | | | |

**Total:** 4

Exhibit-E

July 23, 2020

Honorable Judge John Robert Blakey

United States Federal Court

Dear Honorable Judge John Robert Blakey,

My name is Janice Mims and I am writing this letter on the behalf of my son of U.S. Federal inmate, Sidney Upchurch, #1713424.

I am writing this letter with a heavy heart and in hopes that you will allow me the opportunity to provide you with insight about my son.

Sidney has been incarcerated for approximately 16 years due to crimes that were committed in which he was a willing participant. He has long acknowledged that his decisions during that time in his life has resulted in his current status. He has also acknowledged how his actions has costed him many years of not being with his family.

During Sidney's incarceration, he has lost several immediate family members which include his loving grandmother and my mother Maggie Upchurch; two uncles which were my brothers, James and Terry Upchurch; and most recently, his younger brother and my youngest son, Jerry Upchurch who died unexpectedly. He also lost his former brother-in-law who died of Covid-19 in March.

I also personally have had four close friends who contracted Covid-19; three of whom have died from complications and one who is now in a lengthy rehabilitation process. Therefore, I know first-hand the devastation that this virus has caused, especially in the African-American communities.

Due to his incarceration, Sidney also did not have the opportunity to welcome any of his five grandchildren during their births and has only met two of them to date due to the distance of the facilities in which he has been housed and the financial impact of traveling to visit.

I am aware that these circumstances were solely due the choices that Sidney had made which resulted in him not having the opportunity to be with his family.

However, I am writing to you, Honorable Judge Blakey, to express my anguish and the concerns that I have for the health and safety of my only living son due to his failing health.

As a mother, it was extremely painful and heartbreaking to have to bury my child last month and it is something that I have been trying to mentally deal with every day of my life. There isn't a day that I don't think about my children, especially during the times in which we are currently living in.

I am so deeply concern and afraid for Sidney's health during this time, especially since I lost my former son-in-law to Covid-19. It was a silent killer for him in which it happened so fast, that I never expected

11/03/2020

that my last conversation with him, two days before his death, would be our last. The deaths in my family have been rapid in the past four years and quite overwhelming.

Sidney's well-being is of grave concern for me and I sincerely hope you will consider reviewing his case.

He has always been the family member that everyone went to with their problems in which he did whatever he could to help them. He was the first person to call me every morning just to check on me and make sure that I was okay. He was the son that would go out of his way to make sure that I had whatever I needed.

Also during his incarceration, his sister has been raising three boys in which he has been a strong secondary father figure. However, due to his two older nephews losing their father, he has taken on the responsibilities of being there for them as best he can by phone. They are also currently in therapy as means of coping with their loss.

He tries to calls and talk to them often, to make sure they know that they have him in their lives and to help them adjust to life without their fathers. He has willingly taken on this without hesitation because this is who Sidney really is as a person.

Sidney has made mistakes that caused him to be in the situation that he is currently in; however, he is the most caring and loving person who is family oriented.

My daughter and I currently have several businesses which include a medical car transportation service and two daycare centers. These businesses have been difficult to maintain due to the pandemic as well as mentally stressful dealing with the loss of our family members. Therefore, it would be a true blessing and it would greatly help us if Sidney were able to physically assist us with our business operations as well as support his immediate family.

I know that Sidney would put forth the efforts to help us maintain our businesses and allow us to have some stress relief by doing so.

I am 71 years old now and it is becoming harder for me to assist my daughter with the businesses as well as to help her care for her four-year-old son, who has been diagnosed with autism and require extensive monitoring and care. I travel to and from her home daily (approximately 25 miles one way) to assist with caring for her three boys since the pandemic and I try to help fulfill our business obligations as much as I can while doing so. These responsibilities are quite challenging to deal with especially at my age.

If Sidney is allowed to be released, we can assure you that he will be put to work immediately. He can take over the cleaning responsibilities of our centers at night which will help secure our safety as well.

He can also live independently in my home and I will be able to temporarily live at my daughter's house to continue to support her and her children.

Honorable Judge Blakey, I am aware that this may seem to be an act of selfishness on my behalf; however, I am of age and I only have one child with me at this time. Sidney's health and well-being is my primary concern and I hope you can truly understand my need and desire to have my only son with his family.

I have not dismissed anything that Sidney has done in the past; however, I know that he is afraid and truly values his life and family after being separated for so many years, especially in the recent state in which we now live.

Therefore, I ask that you please take into consideration the early release of Sidney due to his health in order for me to ensure that he is able to get the best quality of care to combat his current health issues.

I am able to provide financial support in order for Sidney to obtain health insurance which will allow him the opportunity to be seen by healthcare providers who specialize in his condition.

I truly thank you for allowing me the chance to reflect and provide you with insight as it relates to my son.

I also would like to reiterate that our family is willing to make every effort necessary in the best interest of Sidney's health and safety.

Sincerely,

Janice Mims

(773) 619-9914

# Fwd: Letter to judge from Sindey Upchurch

From: J Mims (jevonna74@yahoo.com)

To: expressc@sbcglobal.net

Date: Sunday, October 25, 2020, 06:29 AM CDT

Sent from my iPhone

Begin forwarded message:

> **From:** Sindey Upchurch <sindeyu@gmail.com>
> **Date:** October 24, 2020 at 9:32:28 AM CDT
> **To:** "Jevonna74@yahoo.com" <Jevonna74@yahoo.com>
> **Subject: Fwd: Letter to judge from Sindey Upchurch**

To Whom It May Concern,

I am the daughter of Mr. Sidney Upchurch, Sindey Upchurch. The purpose of this letter is to share with you how my father has earned his privilege of being a citizen in society. My dad has been incarcerated for a long time, most of my childhood and all of my adult life. In this time I have witnessed him speaking and responding in ways that proves he has matured and developed wisdom. My family will agree that his character has been positively impacted during this time. Now, he is a man of patience, empathy, and honesty. My dad has been patient during his incarceration. He has taken the time to know his grandchildren over the phone but nothing can compare to a physical relationship.     I am confident that he has helped others with helping himself benefit from any developmental opportunities that were presented. I know my father has learned from this experience because I hear him speaking to his children about their choices; again nothing compares to the physical relationship. My father deserves to be home with his children and grandchildren to help and watch them grow. When my father is approved to come home, I can see him now searching for volunteer opportunities to speak to youth and young adults about his life experiences as a motivational speaker. His ability to be with his family and give back to society depends on you seeing him as a developed man who has been positively motivated after being incarcerated for several years. Please grant my father, my hero, Sidney Upchurch, with permission to have "time served" so that he can join society as a man of learned character.

On behalf of my family, we thank you for your time and consideration.

Sindey Upchurch

Exhibit-E

August 10, 2020

Dear Honorable Judge John Robert Blakey,

I am Sidney Upchurch Jr., son of FOBP inmate, Sidney Upchurch (17103424) and I am writing this letter as an appeal for an early release for my dad.

My dad is not in the best of health at his age and I fear that if he is infected with Coronavirus, he will not be able to physically survive the symptoms that comes with it.

I live in Chicago and I have had two friends who have lost their parent due Covid-19 and it will hurt me to know that my dad could become a victim of this too.

He has always been a great father and he is my best friend even though he has been incarcerated for many years. We talk to each other as much as possible and I know that he is scared.

I would like for you to consider releasing him due to the high amount of people that are being infected inside of the prison system. I know there are many inmates that are infected and have infected other inmates.

I know that this is a big favor to ask, but it has been so many years that I have not been able to see and hug my dad. He has been in prison for over 12 years and he has missed a lot in my life that I wish he could be a part of.

I know your time to read this is short and I want to thank you for letting me express how I feel about my dad.

Thank you, your Honor

Sidney Upchurch Jr.

11/03/2020

Exhibit E

TRULINCS 17103424 - UPCHURCH, SIDNEY - Unit: ALM-D-A

---------------------------------------------------------------------------------------------------

FROM: upchurch@helpermate.vip
TO: 17103424 UPCHURCH, SIDNEY
SUBJECT: 12247660167
DATE: 10/25/2020 05:51 PM

To whom it may concern, Sidney Upchurch has done his best to be a father while being incarcerated. It has been a long while and even though he was not able to be here with us physically, he has always been there emotionally and mentally through verbal support. He expresses how he wouldn't ever do anything to jeopardize leaving again once he finally makes it home to be back in our lives and I believe that.
    From, Corey Upchurch

Exhibit E

August 8, 2020

The Honorable Judge John Robert Blakely

Dear Judge Blakely,

My name is Marvin Upchurch and I am the uncle of Sidney Upchurch. Sidney is more than a number. He is a father, a son, a grandfather, and he is loved by his family. He is smart and funny with a big heart and he can learn from his mistakes. I have seen him mature and grow during this difficult time.

He has a support system, a mother that loves him and a family looking forward to his return to society. We will surround him with support, friendship, guidance, and love to help him transition back to becoming a productive member of his community. We pray that you will consider his release and want you to realize that he is not in this alone.

Thank you for the consideration and we assure you that we will be with him every step of the way.

Sincerely,

Marvin Upchurch
SSG.USA (ret.)

11/03/2020

*Exhibit E*

July 24, 2020

Attention: Honorable Judge John Robert Blakey

My name is Ruta McClendon and writing this letter of intent to employ Mr. Sidney Upchurch.

I am an employer in the Healthcare field who has over 20 years of managerial experience and have employed a high volume of diverse individuals during my tenures.

I have known Mr. Upchurch and his entire family for many years and found him to be a caring and passionate individual who seemed to always have someone's best interest.

I have had the opportunity to work with so many people who have been able to advance their careers in many different fields. I am not a stranger to hiring individuals with criminal backgrounds and it has enhance my passion as well when I am able to help someone change their path in life. I have hired known felons whom had criminal backgrounds ranging from drugs to murder and it is no surprise when I find individuals who have these types of backgrounds when applying for positions.

I have always been an advocate for "second chances" and empowering people to change their past by providing employment and mentoring. This is easily achievable when someone is willing to put forth the efforts in helping those who normally will not even be considered in the average work environment.

As you are aware, they are limited opportunities for convicted felons, and with that being said, it is primarily an easy path in the wrong direction that many take due to this concerns.

However, I personally believe that the more someone shows that they are willing to trust and that they believe in you, the more that person is unlikely to resort to their past.

Therefore, I have made the commitment to hire Mr. Upchurch upon his release. I am willing to give him that "second chance" that so many convicted felons deserve. I am willing to hire and monitor his progress back into society without hesitation and I truly believe that he is capable of doing so with the proper resources that I can provide.

I am contacting you directly as a way for you to see that Mr. Upchurch will have a meaningful way of supporting himself and his family when he is released. He will have the ability to learn how environmental services works in the healthcare field and the vital role that we play in helping to fight the Coronavirus.

Thank you for your time and consideration.

Respectfully,


Ruta McClendon

11/03/2020

*Exhibit*

TRULINCS 17103424 - UPCHURCH, SIDNEY - Unit: ALM-D-A

---------------------------------------------------------------------------------------------------

FROM: Ramsay, Janine
TO: 17103424
SUBJECT: PLEASE USE THIS ONE INSTEAD - This is the revised copy of the Character Letter.
DATE: 07/24/2020 01:21:02 PM

To whom it may concern:

I have known Mr. Sidney Upchurch for almost 19 years. He is a great friend of mine. Over the years, we have been able to create and maintain a very good friendship. Despite the fact that we can not visit each other or even chat on the phone freely, it has never stopped him from ensuring the friendship was maintained and grew. We know a lot about each other and our families. I hold Sidney in high regard especially considering his relationship with his family. They are a very strong unit. Dare I say his backbone. But the best thing I have noticed about his family relationship is that he is more than active in it. They keep him abreast of all the details in everyone's life and he is able to contribute to decision making in the lives of his children, siblings and parents. They respect his opinion and love him to no end. He has made it his duty to continue to Father his children even from afar off. His children respect him and his opinions and do their best to abide by his wishes because they know he wants the best for them.

It brings me joy and a sense of hope as I look back over all these many years that he has been away from us all. It is very easy for me to "see" his growth as a responsible and loving person. There is so much to relay, but the thing that stands out the most is, Sidney Upchurch is a man of God. When he went in, he knew God. Now, he is a believer and a follower of Jesus Christ the King. It still fills my heart with overflowing joy when I recall the day he told me this exciting news. I was completely overwhelmed, amazed and so thankful that even in the midst of serving this jail time he was able to hear the Father's voice and "harken and obey". He got baptized in the name of Jesus and I know that is what strengthens him in every way daily. That and the love and support of his entire family.

Sidney has always been a loving person. But now he is loving and focused on his future. A future with his family. A future with the opportunity for making up this time with all of his children and grandkids. The grandbabies have all been born while he has been locked up. His heart is bursting with love for them all. He is looking forward to providing to the best of his ability for his family. It truly will be his only focus. He misses them so.

Sidney also has vision. When he returns home, he will find a way to become a mentor to the boys and young men growing up in Chicago today. He will tell them what NOT to do so that they will stay out of jail. That being locked up is NOT in their future. He will be able to encourage them and give them discipline in their lifestyles that will help them stay focused on school, work, integrity and a long and healthy life; a good future to look forward to.

When Sidney Upchurch is released from prison, it will literally be a day of jubilee. I know him. From day one, he will be looking for gainful employment to help out at home. He will be enjoying his family life. I don't think there will be a day that he won't be in the presence of at least one of his family members.

Sidney has done so much time already. We are all concerned about this covid. He has made it this far healthy and in his right mind. We pray that he be released early in order to keep that deadly virus away from him and from halting the future of a very good man, son, brother, Father and Grandfather. We pray that you will see fit to release him early so that the virus does not threaten his life and his chance to give his all to his community and his family. Sidney Upchurch is determined to do good in the earth, to love, to strengthen, to teach those in need. Sidney Upchurch is a Good Man. God has forgiven him of his sins. We pray you release him very soon that he may to the good that God has called him to do.

Thank you very much.

Sincerely,


Janine A. Ramsay



**U.S. Department of Justice**
**Memorandum**
Federal Bureau of Prisons

*Federal Correctional Complex, Allenwood*

*FCI ALLENWOOD*
*P.O. Box 2500*
*White Deer, PA 17887*

Sept 10, 2020

MEMORANDUM FOR: To Whom It May Concern

FROM:        J. Lepley, Safety Specialist FCI Allenwood

SUBJECT:        Inmate Upchurch, Sydney 17103-424

I am writing this letter of recommendation on behalf of Inmate Upchurch, Sydney 17103-424. Throughout my time at FCI Allenwood, Mr. Unchurch has been a model inmate. From his respect to staff to his respect for other inmates, he goes beyond what is viewed as "normal". He has been assigned many tasks and completes them without hesitation and always at the best of his abilities. Other departments in our institution utilize him because they know he will get things done. I have never known him to be a problem. The way he holds himself to a higher standard speaks volumes about who he is as a person. It also shows the changes he has made throughout his sentence in trying his best to be a model citizen upon his release. He is never doing the wrong thing. Mr. Upchurch is currently the head orderly in his unit. This responsibility correlates with my position as a Safety Specialist. He is the person I walk the unit with, issue chemical and supplies to, and he gives me a rundown of current needs for the unit. His unit is among the cleanest and I think that comes from his dedication to his job as the head orderly. Mr. Upchurch has a great reputation here.





**U.S. Department of Justice**
**Memorandum**
Federal Bureau of Prisons

*Federal Correctional Complex, Allenwood*

*FCI ALLENWOOD*
*P.O. Box 2500*
*White Deer, PA  17887*

October 27, 2020

MEMORANDUM FOR: To Whom It May Concern

FROM:        J. Newcomer, Correctional Counselor

SUBJECT:     Upchurch, Sydney 17103-424

    I am writing this letter of recommendation on behalf of Upchurch, Sydney 17103-424. I have known Mr. Upchurch since he arrived to FCI Allenwood on 9-8-2016, He has been the Head Orderly in Unit 4A since 12-5-2016, Mr. Upchurch has been an asset to our Unit and to our Compound, He does not see color when it comes to other inmates, I have never seen an inmate or civilian be able to speak to other races the way the Mr. Upchurch does, all races respect him which is un heard of in the prison system.  He has solved so many issues within the inmate population that without him would have resulted in major disturbances. The above has gone incident free and all staff speak very highly of him. When other departments need something completed they call me to ask to utilize Mr. Upchurch., I do firmly believe Mr. Upchurch would be a great asset to the outside community if he was to be released, He has so much to offer the youth and also anyone having any kind of issues.


*Exhibit F*