# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA

Case No. 04CR-531-1

v.

SIDNEY UPCHURCH

ORDER ON SECOND MOTION
FOR SENTENCE REDUCTION
UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

    Upon motion of the ☒ defendant, or ☐ the Director of the Bureau of Prisons, for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable standards and the factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

    IT IS ORDERED that the Defendant's second motion for compassionate release is:

☐    GRANTED

    ☐    The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served sentence as set forth below. If the defendant's sentence is reduced to time served, then defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where the defendant will be released, and further:

    (1) This order is stayed for up to fourteen days for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no unreasonable delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel

arrangements and to ensure the defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended; or

(2) If there is a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no unreasonable delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the Court and show cause why the stay should be extended.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ___ probation or ___ supervised release of __ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:
_____
_____
_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:
_____
_____
_____

☐ DEFERRED pending supplemental briefing and/or a hearing. The Court directs the United States Attorney's Office to file a response on or before_____ along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion, filed under seal as necessary.

[X] DENIED after complete review of the motion on the merits.

[X] FACTORS CONSIDERED (Optional)

As to the Defendant's second motion for compassionate release [438], the Government contends that the Defendant has failed to offer proof establishing that he has exhausted administrative remedies (see [443] at 5-10), and Defendant contends otherwise. Nevertheless, this Court notes that, even if exhaustion occurred, the Defendant's motion still fails on the merits, and is therefore denied, because the record does not warrant any reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), after full consideration of the factors provided in 18 U.S.C. § 3553 and the applicable policy statements issued by the Sentencing Commission.

As part of its second review of the merits, this Court has considered all of the Defendant's arguments, including the Defendant's medical conditions, the deteriorated health of his father, Defendant's positive prison record (including work and mentorship of other inmates), as well as his family support, prospective employment and the various letters Defendant has filed in support of his second motion. Individually or in combination, however, these factors fail to warrant defendant's request for a reduction in his sentence. To the contrary, the record confirms that the defendant still fails to meet the criteria of U.S.S.G. § 1B1.13(2), because he remains a high risk of recidivism and a significant danger to the safety of other persons and the community, and that a sentence reduction otherwise remains inconsistent with the need under 18 U.S.C. § 3553 for the sentence to reflect the seriousness of, and to provide just punishment for, defendant's offenses.

For example, in considering the nature and circumstances of the offense and the history and characteristics of the Defendant, the record overwhelming supports his continued incarceration. As correctly noted by the government, between approximately November 2002 and October 2003, the Defendant conspired with others to execute a string of armed robberies in Chicago, Hazel Crest, Oak Forest, Richton Park, Matteson, Riverdale, and Midlothian, Illinois. The targets of the robberies included credit unions, currency exchanges, grocery stores, and other commercial establishments. As part of the conspiracy, the Defendant obtained intelligence on targeted establishments, their employees, and the employees' family members before committing robberies. Indeed, the Defendant selected targets and created the plan for various robberies, and during certain robberies, co-conspirators brandished firearms and pointed firearms at, and bound and threatened, employees of the targeted businesses. Moreover, at the time of his sentencing in this case, the Defendant already had three prior felony convictions: (1) burglary in 1988 (sentenced to 5 years' imprisonment); (2) manufacture and delivery of a controlled substance in 1991 (sentenced to 17 years' imprisonment); and (3) burglary in 1991 (sentenced to 3 years' imprisonment). Once again, the record as a whole does not warrant the Defendant's release.

☐     DENIED WITHOUT PREJUDICE because the defendant has not exhausted all

administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: December 23, 2022

                                                Entered:

                                                John Robert Blakey
                                                United States District Judge